**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:12CR177 |
| Plaintiff, | : | |
| | : | JUDGE DONALD C. NUGENT |
| vs. | : | |
| | : | |
| JEFFREY REICHERT, | : | **DEFENDANT'S UNOPPOSED** |
| | : | **MOTION FOR PRE-TRIAL** |
| | : | **DETERMINATION OF CONTESTED** |
| Defendant. | : | **JURY INSTRUCTION** |
| | : | |

Now comes Jeffrey Reichert, by and through undersigned counsel, and moves this Honorable Court for a pre-trial determination of the contested jury instruction on the definition of "willfully," as set forth in the attached Memorandum in Support. Undersigned counsel has spoken with Assistant United States Attorneys Robert Kern and Chelsea Rice, and the government does not oppose the request to determine this issue pre-trial, although the government does contest the jury instruction.

                                                                                            Respectfully submitted,

                                            */s/Darin Thompson*_____
                                            DARIN THOMPSON (#0067093)
                                            Assistant Federal Public Defender
                                            JEFFREY B. LAZARUS (#0079525)
                                            Attorney at Law
                                            1660 West Second Street, Suite 750
                                            Cleveland, Ohio 44113
                                            (216) 522-4856 Fax: (216) 522-4321
                                            e-mail address: darin_thompson@fd.org.

**MEMORANDUM IN SUPPORT**

Defendant Jeffrey Reichert's case is currently set for trial on January 14, 2013. He has been accused of violating the Digital Millennium Copyright Act, under 17 U.S.C. §§ 1201(a)(2)(A) and 1204(a). The statute at issue requires the government to prove beyond a reasonable doubt that Mr. Reichert "willfully" violated the Digital Millennium Copyright Act. Mr. Reichert has proposed a jury instruction defining "willfully" based upon the Third Circuit Pattern instruction, as follows:

> The offense charged in the indictment requires the government to prove that Jeffrey Reichert "willfully" violated the Digital Millennium Copyright Act.  This means **the government must prove beyond a reasonable doubt that Mr. Reichert knew his conduct was unlawful and intended to do something that the law forbids.**  That is, to find that Mr. Reichert acted "willfully," **you must find that the evidence proved beyond a reasonable doubt Mr. Reichert acted with a purpose to disobey or disregard the law.**  "Willfully" does not, however, require proof that Mr. Reichert had any evil motive or bad purpose other than the purpose to disobey or disregard the law.

(Emphasis added) See Third Circuit Pattern Crim. Jury Instr. § 5.05. The government has indicated that it will oppose this jury instruction.

Mr. Reichert requests this Court make a determination as to this jury instruction by the final pre-trial conference (currently scheduled for January 7, 2013) because the definition of "willfully" will have a critical impact upon Mr. Reichert's trial strategy and upon his counsel's ability to properly advise Mr. Reichert. Without a ruling on the proposed jury instruction in advance of trial, Mr. Reichert's counsel will be unable to properly advise Mr. Reichert as to the elements of the

charge. Accordingly, counsel requests a pre-trial ruling on the proposed jury instruction.[1] This request is not opposed by the government.

Under 17 U.S.C. § 1204, a violation of 17 U.S.C. § 1201 is criminal only if it is done "**willfully** and for purposes of commercial advantage or private financial gain." 17 U.S.C. § 1204(a)(emphasis added). Based on the relevant case law, current pattern jury instructions, and the Department of Justice's Manual on prosecuting intellectual property crimes, the definition of "willfully" for the upcoming trial must include both an awareness by Mr. Reichert that his conduct was unlawful, and an intent to disobey or disregard the law.

As noted supra, the proposed definition of "willfully" is adapted from the Third Circuit Pattern Instruction. See Third Circuit Pattern Crim. Jury Instr. § 5.05. The Sixth Circuit Pattern Criminal Jury Instructions "do[] not recommend any general instruction defining the term 'willfully' because no single instruction can accurately encompass the different meanings this term has in federal criminal law." Sixth Circuit Pattern Crim. Jury Instr. § 2.05. However, guidance from the Department of Justice's manual, other courts handling criminal DMCA cases, and other pattern jury instructions all support the proposed definition of "willfully" used by the Third Circuit.

As the Department of Justice's manual, Prosecuting Intellectual Property Crimes, recognizes, "[m]ost courts that have interpreted 'willfulness' in criminal copyright cases have adopted the more

---

[1] The Tenth Circuit has held that "an individual may bring an ineffective assistance of counsel claim based on the argument that he lacked notice of the elements of the crime." United States v. Weeks, 653 F.3d 1188, 1201 (10th Cir. 2011); Miller v. Champion, 161 F.3d 1249, 1255 (10th Cir. 1998). This is consistent with the Supreme Court's holdings in Padilla v. Kentucky, 130 S. Ct. 1473 (2010); Lafler v. Cooper, 132 S. Ct. 1376 (2012); and Missouri v. Frye, 132 S. Ct. 1399 (2012), all which held that counsel has a duty to properly inform their client about critical stages in their proceedings.

stringent standard advocated by Senator Hatch: the intentional violation of a known legal duty."[2] See U.S. Department of Justice Executive Office for United States Attorneys, Prosecuting Intellectual Property Crimes at 30 (3d ed. 2006) (collecting cases), available at: http://www.justice.gov/criminal/cybercrime/docs/ipma2006.pdf. "The majority rule in criminal copyright cases for a higher standard of willfulness is also consistent with civil copyright cases, which likewise hold that willfulness is not just an intent to copy, but rather an intent to infringe." Id. at 32. In civil copyright cases, the Sixth Circuit has adopted the majority rule requiring a higher standard of willfulness. See e.g., Princeton Univ. Press v. Mich Document Servs., 99 F.3d 1381, 1392 (6th Cir. 1996).

This definition – requiring the government to prove that the defendant knew that his conduct was unlawful and purposely violated the law – has been followed by district courts in criminal DMCA cases. For example, the court in United States v. Elcom Ltd., gave the following instruction:

> To act 'willfully' means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids. Thus, one who acts with the good faith belief that the law – in this case the DMCA – does not apply to his or her conduct is not acting willfully. The question is what did the person honestly believe. A good-faith misunderstanding of the law's application may negate willfulness. However, a good faith disagreement with the law does not.

See United States v. Elcom Ltd., Dkt. No. 111 – Jury Instructions at Instruction No. 16 (N.D. Cal. No. CR-01-20138) (attached as Exhibit A).

---

[2] The manual elsewhere states that, "[f]or purposes of the DMCA, prosecutors may look to the law of copyright infringement for guidance regarding the 'willfully' element." See Prosecuting Intellectual Property Crimes at 192.

Likewise, in United States v. Crippen, the district court indicated[3] that it would give the instruction defining "willfully" from Modern Federal Jury Instructions, an instruction consistent with the Third Circuit instruction proposed here:

> You have been instructed that in order to sustain its burden of proof the government must prove that the defendant acted willfully. "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something that the law forbids, that is to say with the bad purpose to disobey or disregard the law.

Sand et al., Modern Federal Jury Instructions, § 3A-3 (2012); United States v. Crippen, Tr. of Jury Trial, Day 2 at 24 (C.D. Cal. No. CR09-703) (attached as Exhibit B). In fact, the district court in Crippen harshly criticized the prosecutor for proposing a definition of "willfully" that did not require the government to prove that the defendant knew that his conduct was unlawful. See United States v. Crippen, Tr. of Jury Trial, Day 2 at 9 ("So why then are your proposing jury instructions in the first criminal case ever prosecuted by the United States Government, the first case ever, and why are you suggesting to this Court a standard that does not even comport with what's in your manual?"); id. at 11 ("Your IP manual talks about a heightened mens rea. Yet in the first prosecution, you want to prosecute a case with a reduced mens rea. What type of law do you want to develop?"); id. at 14 ("And you do the office a disservice by proposing this instruction."). See generally id. at 6-27.

Although the Federal Judicial Center has not published a pattern jury instruction for charges of violating the DMCA, it has published an instruction defining "willfully" for charges of failure to file a tax return. See Federal Judicial Center, Pattern Jury Instructions at 151 (1987). That instruction is also consistent with the proposed instruction here:

> Third, that _____ knew he was required to file a return.

---

[3] The government dismissed the case with prejudice before instructions were given to the jury.

Fourth, that _____ failed to file on purpose, and not as a result of carelessness.

Id. The Commentary to the instruction states: "Willfulness under § 7203 has the same meaning as it does in the felony tax sections. It is a voluntary, intentional violation of a known legal duty." Id.

This definition of "willfully" is also consistent with Supreme Court precedent. In Bryan v. United States, 524 U.S. 184, 190 (1998), the Supreme Court upheld a jury instruction defining "willfully" as follows:

> A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids.

Sixth Circuit precedent approves the same instruction. See Appalachian Resources Development Corp. v. McCabe, 387 F.3d 461, 464-65 (6th Cir. 2004); United States v. Chowdhury, 169 F.3d 402, 406 (6th Cir. 1999).

Respectfully submitted,

*/s/Darin Thompson*_____
DARIN THOMPSON (#0067093)
Assistant Federal Public Defender
JEFFREY B. LAZARUS (#0079525)
Attorney at Law
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
darin_thompson@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2012, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/Darin Thompson*_____
DARIN THOMPSON (#0067093)
Assistant Federal Public Defender