UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:12 CR 177 |
| | ) | |
| Plaintiff, | ) | Judge Donald C. Nugent |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY J. REICHERT, | ) | GOVERNMENT'S PROPOSED JURY |
| | ) | INSTRUCTIONS AND VERDICT |
| Defendant. | ) | FORM_____ |
| | ) | |

The United States of America, by and through its counsel, Steven M. Dettelbach, United States Attorney for the Northern District of Ohio, and Robert W. Kern and Chelsea S. Rice, Assistant United States Attorneys, respectfully requests that the Court charge the jury with the following instructions.

The United States is prepared to submit additional, amended, or alternative instructions on any aspect of this case should the Court, or the circumstances, require.

The United States also submits a proposed verdict form.

Respectfully submitted,

STEVEN M. DETTELBACH
United States Attorney


 /s/ Chelsea S. Rice
Robert W.  Kern (0005161)
Chelsea S. Rice (0076905)
Assistant U.S. Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
Tel. No.:  (216) 622-3836/3752
Fax No.:  (216) 522-8355
E-Mail:  Robert.Kern@usdoj.gov
              Chelsea.Rice@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that on January 4, 2013, a copy of the Government's Proposed Jury Instructions and Verdict Form was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

 /s/ Chelsea S. Rice         
Chelsea S. Rice
Assistant U.S. Attorney

3

-i-

## INDEX OF JOINT PROPOSED JURY INSTRUCTIONS

**INSTRUCTION**                                                          **PAGE NO.**

General Principles - Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Jurors' Duties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Presumption of Innocence, Burden of Proof, Reasonable Doubt  . . . . . . . . . . . . . . . . . . . . . . . 3

Evidence Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Consideration of Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Direct and Circumstantial Evidence  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Credibility of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Number of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Lawyers' Objections  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Introduction  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

On or About/In or About . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Digital Millennium Copyright Act, Title 17, United States Code, Sections 1201(a)(2)(A) and
1204(a), Charged in Count One . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Violating the Digital Millennium Copyright Act (17 U.S.C. §§ 1201(a)(2)(A) and 1204(a)) -
Elements of the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

"Circumvent a Technological Measure" - Defined  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

"Effectively Control Access to a Work" - Defined  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

"Willfully" - Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Inferring Required Mental State  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Deliberate Ignorance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

-ii-

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Defendant's Failure to Testify . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Defendant's Testimony (ALTERNATIVE) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Opinion Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

A Witness Testifying to Both Facts and Opinions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Statement by Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Introduction-Deliberation and Verdict . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Experiments, Research and Investigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Unanimous Verdict . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Duty to Deliberate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Punishment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Verdict Form . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Court Has No Opinion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

VERDICT FORM

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

## UNITED STATES' PROPOSED JURY INSTRUCTIONS

### General Principles - Introduction

(1)     Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)     I will start by explaining your duties and the general rules that apply in every criminal case.

(3)     Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

[(4)     Then I will explain the defendant's position.]

(5)     Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(6)     And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(7)     Please listen very carefully to everything I say.

Authority: Sixth Circuit Pattern Jury Instruction No. 1.01, 2011 Edition.

1

**Jurors' Duties**

(1)      You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)      Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

[(3)      The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.]

(4)      Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Authority: Sixth Circuit Pattern Jury Instruction No. 1.02, 2011 Edition.

2

**Presumption of Innocence, Burden of Proof, Reasonable Doubt**

(1)     As you know, the defendant has pleaded not guilty to the crimes charged in the Indictment.  The Indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

(2)     Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3)     This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)     The government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)     Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable

doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

<u>Authority</u>: Sixth Circuit Pattern Jury Instruction No. 1.03, 2011 Edition.

**Evidence Defined**

(1)     You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)     The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and [the stipulations that the lawyers agreed to]; [and the facts that I have judicially noticed].

(3)     Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

[(4)     During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things.  Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.]

(5)     Make your decision based only on the evidence, as I have defined it here, and nothing else.


Authority: Sixth Circuit Pattern Jury Instruction No. 1.04, 2011 Edition.

5

**Consideration of Evidence**

(1)     You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Authority: Sixth Circuit Pattern Jury Instruction No. 1.05, 2011 Edition.

**Direct and Circumstantial Evidence**

(1)     Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)     Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)     Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)     It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

<u>Authority</u>: Sixth Circuit Pattern Jury Instruction No. 1.06, 2011 Edition.

7

**Credibility of Witnesses**

(1)     Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2)     Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)     Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)     Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E)     Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

[(F)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.]

(G)     And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)     These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

Authority:     Sixth Circuit Pattern Jury Instruction No. 1.07, 2011 Edition.

9

**Number of Witnesses**

(1)     One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)     Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

Authority: Sixth Circuit Pattern Criminal Jury Instructions No. 1.08, 2011 Edition.

**Lawyers' Objections**

(1)      There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

(2)      The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

(3)      And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

<u>Authority</u>:      Sixth Circuit Pattern Jury Instruction No. 1.09, 2011 Edition.

**Introduction**

(1)     That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

(2)     But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

[(3)     Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of others influence your decision in any way.]

Authority:     Sixth Circuit Pattern Jury Instruction No. 2.01, 2011 Edition.

**On or About/In or About**

(1)  Next, I want to say a word about the dates mentioned in the indictment.

(2)  The Indictment charges that the crimes occurred "on or about" or "in or about" specific dates.  The government does not have to prove that the crimes happened on those exact dates.  But the government must prove that the crimes happened reasonably close to those dates.

<u>Authority</u>: Sixth Circuit Pattern Jury Instructions No. 2.04, 2011 Edition (modified).

**Digital Millennium Copyright Act, Title 17, United States Code,
Sections 1201(a)(2)(A) and 1204(a), Charged in Count One**

The defendant is charged in Count One of the indictment with violating the Digital

Millennium Copyright Act, in violation of Title 17, United States Code, Sections 1201(a)(2)(A)

and 1204(a).  Count One charges:

      Between on or about June 15, 2007, and on or about August 1, 2007, in the Northern
District of Ohio, Eastern Division, defendant, JEFFREY J. REICHERT, knowingly and willfully
manufactured, imported, offered to the public, provided and otherwise trafficked in technology,
products, services, devices, components, and parts thereof, which were primarily designed to
circumvent technological measures designed to effectively control access to a work copyrighted
under Title 17 of the United States Code, for purposes of commercial advantage or private
financial gain, in violation of Title 17, United States Code, Sections 1201(a)(2)(A) and 1204(a).

Authority: Indictment filed April 3, 2012, Case No. 1:12CR177.

14

**Violating the Digital Millennium Copyright Act**
**(17 U.S.C. §§ 1201(a)(2)(A) and 1204(a)) - Elements of the Offense**

The Indictment charges the defendant, JEFFREY J. REICHERT, with violating the Digital Millennium Copyright Act.  For you to find the defendant guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(A) First, that the defendant manufactured, imported, offered to the public, provided, or otherwise trafficked in technology, products, services, devices, components, or parts thereof;

(B) Second, the technology, products, services, devices, components, or parts thereof were primarily designed to circumvent technological measures designed to effectively control access to a work copyrighted under Title 17 of the United States Code;

(C) Third, the defendant did so for the purpose of commercial advantage or private financial gain; and

(D) Fourth, the defendant acted willfully.

Authority: 17 U.S.C. §§ 1201(a)(1)(A), 1204(a).

15

**"Circumvent a Technological Measure" - Defined**

(1)   As used in these instructions, the term "circumvent a technological measure" means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner.

<u>Authority:</u> 17 U.S.C. § 1201(a)(3)(A)

16

**"Effectively Controls Access to a Work" - Defined**

(1)   As used in these instructions, a technological measure "effectively controls access to a work" if the measure, in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work.

Authority: 17 U.S.C. § 1201(a)(3)(A)

17

### "Willfully" - Defined

(1)   As used in these instructions, an act is done "willfully" if it is done voluntarily and intentionally, with the intent to do something unlawful; that is, with intent either to disobey or disregard the law.  While a person must have acted with the intent to do something the law forbids, the person need not be aware of the specific law or rule that his conduct may be violating.

(2) Willfulness requires the government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty.  Evidence of willfulness is ordinarily circumstantial since direct proof is often unavailable.

<u>Authority:</u> Eleventh Circuit Pattern Instruction 9.1A; *United States v.  Roth*, 628 F.3d 827 (6th Cir. 2011); *Cheek v. United States*, 498 U.S. 192, 201-05 (1991) (willfulness requires government to prove that the law imposed a duty on defendant, that he knew of the duty, and that he voluntarily and intentionally violated that duty; burden requires negating a claim of ignorance of the law or a good-faith belief that defendant was not in violation due to a misunderstanding of the tax laws; claimed good-faith belief need not be objectively reasonable; defendant's views about validity of tax statutes are irrelevant to issue of willfulness); *United States v. Mohney*, 949 F.2d 1397, 1407 (6th Cir. 1991) (proof of willfulness may be shown through surrounding facts and circumstances which may include defendant's knowledge); *United States v. Grumka*, 728 F.2d 794, 796-97 (6th Cir. 1984) (proof of willfulness may be circumstantial).

**Inferring Required Mental State**

(1)      Next, I want to explain something about proving a defendant's state of mind.

(2)      Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3)      But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4)      You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.


Authority: Sixth Circuit Pattern Jury Instruction No. 2.08, 2011 Edition.

19

**Deliberate Ignorance**

(1) Next, I want to explain something about proving a defendant's knowledge.

(2) No one can avoid responsibility for a crime by deliberately ignoring the obvious.  If you are convinced that the defendant deliberately ignored a high probability that he was trafficking in technology primarily designed to circumvent technological measures designed to effectively control access to a work copyrighted under federal law, then you may find that he knew he was violating the Digital Millennium Copyright Act.

(3) But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that he was violating federal copyright laws, and that the defendant deliberately closed his eyes to what was obvious.  Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict.  This, of course, is all for you to decide.

Authority: Sixth Circuit Pattern Jury Instruction No. 2.09, 2011 Edition.

**Introduction**

That concludes the part of my instructions explaining the elements of the crime.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

<u>Authority</u>: Sixth Circuit Pattern Criminal Jury Instruction No. 7.01, 2011 Edition.

**Defendant's Failure to Testify**

(1)     A defendant has an absolute right not to testify *[or present evidence]*. The fact that he did not testify *[or present any evidence]* cannot be considered by you in any way.  Do not even discuss it in your deliberations.

(2)     Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.


Authority:     Sixth Circuit Pattern Jury Instruction No. 7.02A, 2011 Edition.

22

**Defendant's Testimony (ALTERNATIVE)**

(1)      You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

(2)      You should consider those same things in evaluating the defendant's testimony.


Authority:  Sixth Circuit Pattern Jury Instruction No. 7.02B, 2011 Edition.

23

**Opinion Testimony**

(1) You have heard the testimony of _____, who testified as an opinion witness.

(2) You do not have to accept _____'s opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions.  Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.


Authority:  Sixth Circuit Pattern Jury Instruction No. 7.03, 2011 Edition; *United States v. Johnson*, 488 F.3d 690 (6th Cir. 2007).

24

**A Witness Testifying to Both Facts and Opinions**

(1) You have heard the testimony of _____, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

(2) As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

(3) As to the testimony on opinions, you do not have to accept _____'s opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

(4) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

Authority:  Sixth Circuit Pattern Jury Instruction No. 7.03A, 2011 Edition.

25

**Statement by Defendant**

(1) You have heard evidence that the defendant, JEFFREY J. REICHERT, made a statement in which the government claims he admitted certain facts.   It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves.  In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

(2)  You may not convict the defendant solely upon his own uncorroborated statement or admission.

Authority:  Sixth Circuit Pattern Jury Instruction No. 7.20, 2011 Edition.

26

### Introduction-Deliberation and Verdict

(1)     That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

(4)     One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.


Authority: Sixth Circuit Pattern Criminal Jury Instructions No. 8.01, 2011 Edition.

**Experiments, Research and Investigation**

(1)      Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

(2)      For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

(3)      Make your decision based only on the evidence that you saw and heard here in court.

Authority: Sixth Circuit Pattern Criminal Jury Instructions No. 8.02, 2011 Edition.

**Unanimous Verdict**

(1)     Your verdict, whether it is guilty or not guilty, must be unanimous.

(2)     To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3)     To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)     Either way, guilty or not guilty, your verdict must be unanimous.


Authority:     Sixth Circuit Pattern Jury Instruction No. 8.03, 2011 Edition.

**Duty to Deliberate**

(1) Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2) But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3) No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4) Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.


<u>Authority</u>: Sixth Circuit Pattern Criminal Jury Instructions No. 8.04, 2011 Edition.

**Punishment**

(1)      If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)      Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)      Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.


Authority: Sixth Circuit Pattern Criminal Jury Instructions No. 8.05, 2011 Edition.

## Verdict Form

(1)      I have prepared verdict form that you should use to record your verdict.  The form is attached.

(2)      If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

Authority: Sixth Circuit Pattern Criminal Jury Instructions No. 8.06, 2011 Edition.

32

**Court Has No Opinion**

(1)     Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.


Authority:  Sixth Circuit Pattern Jury Instruction No. 8.08, 2011 Edition.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.1:12CR177 |
| | ) | |
| Plaintiff, | ) | Judge Donald C.  Nugent |
| v. | ) | |
| | ) | |
| JEFFREY J.  REICHERT | ) | |
| | ) | **VERDICT FORM - COUNT 1** |
| Defendant. | ) | |

We, the jury in this case, having been duly impaneled and sworn, do hereby find the defendant, JEFFREY J.  REICHERT _____ (enter "guilty" or "not guilty") of violating the Digital Millennium Copyright Act, in violation of Title 17, United States Code, Sections 1201(a)(2)(A) and 1204(a), as charged in Count 1 of the Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____ day of _____ 2013.

1._____
    FOREPERSON

2._____

3._____

4._____

5._____

6._____

7._____

8._____

9._____

10._____

11._____

12._____

34