IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | JUDGE DONALD C. NUGENT |
| ) | |
| v.   ) | CASE NO.  1:12CR177 |
| ) | |
| JEFFREY J.  REICHERT,   ) | |
| ) | |
| Defendant.   ) | |

**MOTION FOR INQUIRY UNDER MISSOURI v. FRYE**

The United States of America, through its undersigned attorney, requests this Court under Missouri v. Frye, ___ U.S. ___, 132 S. Ct. 1399 (2012), to make a specific record, before trial, of whether defense counsel has communicated to defendant Jeffrey J. Reichert, and whether defendant Jeffrey J. Reichert has rejected, a pretrial plea offer made by the United States.  In light of Frye, such a record is necessary to preclude the possibility of a later claim that defendant Jeffrey J. Reichert was not informed of the government's plea offer.

In Frye, the Court considered an ineffective assistance of counsel claim by a defendant whose attorney did not communicate a State plea offer to him.  Frye was charged with a felony carrying a maximum term of four years imprisonment. 132 S. Ct. at 1404.  The prosecutor made an alternative plea offer of a felony with 10 days of "shock time" in prison or a misdemeanor with 90 days in prison.  Id.  Frye's attorney never communicated the plea offer to him and it

- 2 -

expired.  Id.  Later, Frye pleaded guilty and was sentenced to three years in prison, Id., far longer than the State's plea offer.

The Court held, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."  Id., at 1408.  Frye's attorney engaged in deficient performance under Strickland v. Washington, 466 U.S. 668 (1984), by not communicating the plea offer.  Id., at 1410.  The Court remanded for the lower courts to determine whether Frye could satisfy the prejudice prong of Strickland.  Id., at 1411.

The Frye opinion recognized the need to protect against post-conviction litigation and identified "some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences."  Id., at 1408-09.  One such measure which the Court specifically approved is that "formal offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence."  Id., at 1409.  Such a proceeding would not involve the Court in plea negotiations in violation of Rule 11(c), as the Court would not attempt to influence either the content of the plea offer or whether defendant accepted or rejected it.  This Court's role would simply be to make a specific record of what plea offer the government made, whether defense counsel communicated that offer to the defendant and whether defendant Jeffrey J. Reichert accepted or rejected the plea offer.  Furthermore, there is an institutional interest in seeing that "judgments remain intact on appeal," Wheat v. United States, 486 U.S. 153, 161 (1988), whenever possible.

- 3 -

Accordingly, the United States requests the Court to conduct a colloquy on the record with the parties to ascertain whether defense counsel communicated the government's plea offer to the defendant and whether defendant Jeffrey J. Reichert has rejected that plea offer in favor of exercising his Sixth Amendment right to a jury trial.

        Respectfully submitted,

        STEVEN M. DETTELBACH
        United States Attorney

By:    s/ Chelsea S. Rice
        Chelsea S. Rice
        Assistant U.S. Attorney
        Reg. No. 0076905
        400 U.S. Courthouse
        801 West Superior Ave.
        Cleveland, Ohio  44113
        Telephone No.: (216) 622-3752
        Facsimile No.:  (216) 522-8355
        E-Mail: Chelsea.Rice@usdoj.gov

- 4 -

CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2013, a copy of the foregoing Government's MOTION FOR INQUIRY UNDER <u>MISSOURI v. FRYE</u> was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Chelsea S. Rice
Chelsea S. Rice
Assistant U.S. Attorney