**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:12CR177 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE DONALD C. NUGENT |
| vs. | : | |
| | : | **MOTION IN LIMINE TO EXCLUDE** |
| JEFFREY REICHERT, | : | **INADMISSIBLE EXPERT OPINION** |
| | : | **REGARDING COPYRIGHT LAW OR,** |
| Defendant. | : | **IN THE ALTERNATIVE, MOTION** |
| | : | **TO CONTINUE** |

Now comes Defendant, Jeffrey Reichert, by and through counsel, and respectfully moves this Honorable Court for an order to exclude the government's inadmissible expert testimony at trial. In the alternative, Mr. Reichert moves for a continuance in order to secure his own expert on the issue.

Respectfully submitted,

*/s/Darin Thompson*_____
DARIN THOMPSON (#0067093)
Assistant Federal Public Defender
JEFFREY B. LAZARUS (#0079525)
Attorney at Law
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321

Attorneys for Jeffrey Reichert

1

**MEMORANDUM**

I.   **Procedural and Factual History**

Mr. Reichert's trial is scheduled to begin this Monday, January 14, 2013. Mr. Reichert faces charges that he violated the Digital Millennium Copyright Act (17 U.S.C. § 1201) by willfully trafficking a video game console that had been fitted with a "mod chip." Many video games have a protection code that can not be copied. This protection code is required for the disk to run on the game console. "Mod chips" are small semiconductor chips that allow a video game console to run software (including video games) that does not have a protection code. Without a mod chip, a video game console will only run software that has this protection code. A game console that has been fitted with a mod chip is referred to as being "modded."

There are many uses for a modded video game console. For example, it can run copied video games. A game console that has not been modded cannot run copied games, because a copied game will not have the protection code. Thus, a game console allows the user to run copies of their own games (known as "back-up copies" or "back-ups") and well as copies of other person's games that have been copied without the copyright holder's permission ("pirated" games). Copying one's own game to produce a back-up copy is permitted under copyright law, and does not constitute infringement. This is permissible and legal under 17 U.S.C. § 117(a)(2), which states:

> it is not an infringement for the owner of a copy of a computer program to make or authorize the making of another copy or adaptation of that computer program provided that such new copy or adaptation is for archival purposes only and that all archival copies are destroyed in the event that continued possession of the computer program should cease to be rightful.

The right to make a back-up copy existed long before the DMCA was signed into law, and as the statute itself makes clear, "[n]othing in [the DMCA] shall affect rights, remedies, limitations, or defenses to copyright infringement, including fair use, under this title." 17 U.S.C. § 1201(c)(1).

Video game software often also has a region code. This code prevents the game from playing on a game console that does not have the same region code. For example, a game that is coded for the United States can play on a console coded for the United States; and a game coded for Japan will not play on a console coded for the United States. Modded game consoles allow for a game purchased in another region and brought into the United States to be run. Purchasing a game in a different region and bringing it into the United States for play is not copyright infringement. 17 U.S.C § 602(a)(3)(B).

There are additional uses for modded consoles. Modded consoles also allow users to run "homebrew" software, which is software (usually games) written by amateur game creators. Unless the software is copyrighted, this does not constitute copyright infringement. Modded consoles can allow an operator to install an entirely new operating system

In the course of discovery, defense counsel was provided with a report summarizing the testimony of the government's experts, which is attached as Ex. A. This report contained an analysis of the evidence found during the investigation of Mr. Reichert in this case. This report also provided a technical overview of mod chips and their effect on video game consoles. This expert report did not, however, provide any conclusions or opinions relating to copyright law or whether any of the above-referenced uses of modded consoles would (or would not) constitute infringement of copyright.

On Tuesday, January 7, 2013, undersigned counsel was advised that the government intends on presenting their experts to testify to legal opinions, specifically whether any of the above-referenced used of a modded console would constitute copyright infringement.

The defense now moves this Honorable Court to exclude any expert testimony regarding the scope of copyright law and what constitutes infringement, or in the alternative to order the government to produce a written summary of such proposed expert testimony and grant a continuance of the trial date sufficient to allow undersigned counsel to retain an expert in copyright infringement.

**II.  Law and Argument**

    **A.  The government's proposed expert testimony regarding the scope of copyright law should be excluded because it is not included in the summary of expert testimony as required by pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G).**

Federal Rule of Criminal Procedure 16(a)(1)(G) requires that the government to provide a written summary of any proposed expert testimony. In the instant case, the written summary of the Criminal Rule 16(d)(2)(C) allows this Court to exclude undisclosed evidence. The written summary provided by the government does not mention any conclusion or opinion whether <u>any</u> use of a modded console is (or is not) copyright infringement. Ex. A. The government's intentions to present expert "legal opinions" was not revealed to the defense until January 8, 2013, only days before trial. The "legal opinions" themselves (i.e., which of the above-referenced uses for a modded console would constitute infringement) have not yet been revealed by the government. As a result,

4

undersigned counsel is still unable to determine whether a defense expert on copyright infringement must be retained.

**B.      The scope of copyright law, and what constitutes copyright infringement, is the subject of this Court's instruction, not of expert testimony.**

It is axiomatic that "[i]t is not for the witnesses to instruct the jury as to applicable principles of law, but for the judge." See United States v. Zipkin, 729 F.2d 384, 387 (6th Cir. 1984) (reversing conviction where Government offered testimony from judge and two attorneys that the law did not permit a receiver in bankruptcy to receive interim compensation); see also Kalk v. United States, 1989 WL 101539, at *7-8 (6th Cir. 1989) (in case alleging making false statements to a bank, district court properly refused to permit expert testimony on legal issues surrounding loans); Okland Oil Co. v. Conoco Inc., 144 F.3d 1308, 1328 (10th Cir.1998) ("Generally, an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts."). The government intends to offer expert testimony on whether certain uses of a modded game console would, or would not, constitute copyright infringement. This is clearly an effort "to instruct the jury as to applicable principles of law" in violation of the well-established principle that "It is impermissible to delegate that function to a jury through the submission of testimony on controlling legal principles." Zipkin, 729 F.2d at 387. Accordingly, the government's attempts to use expert testimony regarding what constitutes copyright infringement under the law, is impermissible. Mr. Reichert requests this Court issue an order preventing the government from eliciting such testimony or presenting such testimony to the jury at the upcoming trial.

**C.      In the alternative, this Court should require the government to provide a written summary of the expert testimony regarding the scope of copyright law and whether individual uses of a modded console are, or are not, copyright infringement.**

The failure to properly disclose a written summary of the expert testimony regarding the scope of copyright law has deprived Mr. Reichert of the ability to retain an expert to rebut the

government's incorrect expert legal opinions - whatever those opinions are. Should this Court determine that exclusion of this evidence is not an appropriate sanction, and that the evidence is not precluded by Zipkin, undersigned counsel respectfully requests this Court require the government to produce a written summary of the proposed expert testimony on copyright law and allow a continuance of the trial so that a defense expert can be retained. Allowing admission of this expert testimony, but not allowing the defense adequate time in which to prepare a defense, will result in a denial of the effective assistance of counsel and due process. See generally Ake v. Oklahoma, 470 U.S. 68 (1986).

## II. Conclusion

For the foregoing reasons, Mr. Reichert requests this Court exclude any expert testimony regarding the scope of copyright law and what constitutes infringement, or in the alternative to order the government to produce a written summary of such proposed expert testimony and grant a continuance of the trial date sufficient to allow undersigned counsel to retain an expert in copyright infringement.

Respectfully submitted,

*/s/Darin Thompson*_____
DARIN THOMPSON (#0067093)
Assistant Federal Public Defender
JEFFREY B. LAZARUS (#0079525)
Attorney at Law
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321

Attorneys for Jeffrey Reichert

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 9, 2013, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                                */s/Darin Thompson*
                                                                DARIN THOMPSON (#0067093)
                                                                Assistant Federal Public Defender