UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:12CR177 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | UNITED STATES' RESPONSE TO |
| | ) | <u>DEFENDANT'S MOTION IN LIMINE</u> |
| JEFFREY J. REICHERT, | ) | |
| | ) | |
| Defendants. | | |

Now comes the United States of America, by and through its counsel, Steven M. Dettelbach, United States Attorney for the Northern District of Ohio, and Chelsea S. Rice and Robert W. Kern, Assistant U.S. Attorneys, and, responds to Defendant Jeffrey J. Reichert's motion in limine to exclude expert opinion.

## I.    Procedural History

On April 3, 2012, Defendant Jeffrey J. Reichert ("Reichert") was charged in a one-count indictment with violating the Digital Millennium Copyright Act ("DMCA"), in violation of Title 17, United States Code, Sections 1201(a)(1)(A) and 1204(a).  The indictment alleges that

2

between June 15, 2007 and August 1, 2007, Reichert knowingly and willfully imported, offered to the public, or trafficked in technology products or devices which were primarily designed to circumvent the technological measures designed to effective control access to a work copyrighted under federal law, for the purposes of commercial advantage or private financial gain. (R. 1: Indictment). Specifically, the United States alleges that Reichert trafficked in modified gaming consoles and modification chips ("mod chips"). Mod chips are small electronic devices used to circumvent the security technologies built into video game hardware. These security technologies were added by the gaming manufacturers, such as Nintendo, to protect the copyrighted content within the game console and to ensure that only legitimately produced and distributed video games are operable in the game console. Reichert is alleged to have trafficked in mod chips[1] as well as game consoles that he had already modified by installing a mod chip. (*See*, Defendant's Motion in Limine, Attachment A, p. 3).

      The United States provided Reichert with discovery on April 30, 2012, as well as a request for reciprocal discovery. Included in this discovery production was the United States' expert disclosure of Dylan Rhoads and Jason Allen, both of Nintendo, Inc., and their expert report (the same report attached to Defendant's motion as "Attachment A"), as well as a summary of Mr. Rhoads credentials and experience. (R. 12: Discovery Response). The United States supplemented this production on December 17, 2012, as soon as it received Mr. Allen's updated resume.

      Trial in this matter was initially scheduled for June 4, 2012. However, Reichert sought,

---

[1] Notably, Reichert's bald assertions as to the "many uses for modded consoles" are just that - assertions unsupported by any citations, authority, or expert conclusions.

3

and was granted, multiple continuances of the trial date. One of Reichert's stated reasons for these continuances was to obtain an expert in modification of gaming consoles. (R. 25: Motion for Continuance). The United States did not oppose any of Reichert's requests for a continuance. On December 5, 2012, this Court issued a trial order scheduling trial in this matter for January 14, 2013. At the final pretrial on January 7, 2013, counsel for Reichert indicated that he had been unable to obtain an expert, but was prepared to proceed with the trial on January 14. On January 9, 2013, five days before trial is scheduled to begin in this matter, Reichert filed a motion to exclude inadmissible expert opinion or, in the alternative, for a continuance.

## II.     The Digital Millennium Copyright Act

The DMCA provides that "no person shall circumvent a technological measure that effectively controls access to a work protected under this title." 17 U.S.C. § 1201(a)(1)(A). To "circumvent" means any act to "avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner." 17 U.S.C. § 1201(a)(3)(A). The DMCA creates liability for the *act of circumvention, not for copyright infringement*. *United States v. Crippen*, 2010 WL 7198205, *1 (C.D. Cal) (citing *Chamberlin Group Inc., v. DVD Control Association*, 641 F.Supp.2d 913, 935 (N.D. Cal 2009) (emphasis added). For these reasons, "fair use" is not a defense against circumvention of a technological measure and is irrelevant in a DMCA prosecution. *Id*. at *5.

Because the DMCA is targeted at circumvention of digital protections of copyrighted works - not the downstream use of those works after they have been circumvented - the question of what Reichert's customers did with the mod chips or modified gaming consoles after he sold them is irrelevant to the question of his criminal culpability under the DMCA. *See*, *e.g.*, *321*

4

*Studios v. Metro Goldwyn Mayer Studios, Inc.*, 307 F.Supp.2d 1085, 1097 (N.D. Cal. 2004). The United States must prove beyond a reasonable doubt that Reichert:

(1) Offered to the public, provided or otherwise trafficked in technology, products, devices, or parts thereof;

(2) The technology, products, devices, or parts thereof were primarily designed to circumvent technological measures designed to effectively control access to a work copyrighted under title 17 of the United States Code;

(3) Reichert did so for the purpose of commercial advantage or private financial gain; and

(4) Reichert acted willfully.

### III. Dylan Rhoads' and Jason Allen's Expert Testimony

Reichert has not disputed that Mr. Rhoads' or Mr. Allen's proposed testimony meets the standards of Federal Rule of Evidence 702; rather, Reichert seems to argue that any testimony by Mr. Rhoads or Mr. Allen concerning their opinion as to what constitutes copyright infringement should be excluded. However, the United States has no intention of asking Mr. Rhoads or Mr.Allen this question. The United States intends to elicit testimony from Mr. Rhoads and Mr. Allen that, based on their technical and specialized knowledge in the area of gaming consoles, piracy issues, and circumvention devices such as mod chips, will help the jury to understand the evidence or determine a fact in issue. For instance, asking them what a mod chip does, how it works, and what purposes it may serve is a factual one, not a legal one. The average juror would not know what a mod chip is or what it does and Mr. Rhoad's and Mr. Allen's testimony on this issue will help the jury to determine one of the critical facts in this case - whether the mod chips Reichert was selling and offering to the public were primarily designed to circumvent

5

technological measures designed to effectively control access to a work copyrighted under federal law.

The United States' expert disclosure and credentials of Mr. Rhoads and Mr. Allen have complied with Federal Rule of Criminal Procedure 16(a)(1)(G) and properly put Reichert on notice that Mr. Rhoads and Mr. Allen could testify to what mod chips are and how they function. The expert report is 8 pages long and has sections summarizing what mod chips are, how Nintendo's technological protection measures work, and how a mod chip circumvents the technological protection measures on the Nintendo Wii. Based on this disclosure, along with Mr. Rhoads and Mr. Allen's resumes, the United States gave Reichert sufficient notice that Mr. Rhoads and Mr. Allen's testimony at trial would include: the scope of copyright protections on the Nintendo Wii gaming console; explanation of industry terms, such as "Game Copiers," and "copy protection code"; what mod chips are and how they operate; whether and how mod chips circumvent a copyright protection feature on the Wii; and whether, based on their specialized training and experience, they are aware of any other uses for mod chips. Reichert has had this disclosure since April 2012 and his last minute effort for a continuance of the trial date should be denied.

**IV.     Conclusion**

The United States intends on eliciting testimony from its experts that, based upon their specialized knowledge, will assist the jury in determining a question of fact in this case. The United States has fully complied with its disclosure requirements for this expert testimony and Reichert has been in possession of this expert disclosure for almost eight months. The United

6

States is aware that any questions of law are for the sole province of this Court and does not intend on asking its experts to reach any legal conclusions or expound on the copyright laws.

For all these reasons, Reichert's motion should be denied.  However, if this Court decides to grant Reichert's request for a continuance and/or hold a hearing on this motion, the United States respectfully requests that this Court issue such an order before close of business on Friday January, 11, if possible, so the United States can give proper notice to its witnesses.  Mr. Rhoads and Mr. Allen are currently scheduled to travel from Washington state to Cleveland the morning of January 12 and Mr. Rhoads is scheduled to depart Cleveland the evening of January 14 for an international business trip.

                      Respectfully submitted,
                      STEVEN M. DETTELBACH
                      United States Attorney

By:    /s/  Chelsea S. Rice
        Chelsea S. Rice (0076905)
        Robert W.  Kern (0005161)
        Assistant U.S. Attorney
        Suite 400, U.S. Courthouse
        801 West Superior Avenue
        Cleveland, Ohio 44113
        Tel. (216) 622-3752/3836
        Fax (216) 522-8355
        E-Mail: Chelsea.Rice@usdoj.gov
                Robert.Kern@usdoj.gov

7

CERTIFICATE OF SERVICE

The undersigned certifies that on January 9, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

                                                s/Chelsea S. Rice
                                                Chelsea S. Rice
                                                Assistant U.S. Attorney