# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:12CR177 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE DONALD C. NUGENT |
| vs. | : | |
| | : | **PROPOSED JURY INSTRUCTIONS** |
| JEFFREY REICHERT, | : | |
| | : | |
| Defendant. | : | |
| | : | |

Now comes Defendant, Jeffrey Reichert, by and through counsel, and submits the enclosed proposed jury instructions for the upcoming trial. The government has submitted proposed jury instructions questions already. Mr. Reichert has no objections to the majority of the government's proposed instructions, but has objections to a small number of the instructions proposed by the government. Mr. Reichert offers additional instructions as contained herein.

Respectfully submitted,

*/s/Darin Thompson*_____
DARIN THOMPSON (#0067093)
Assistant Federal Public Defender
JEFFREY B. LAZARUS (#0079525)
Attorney at Law
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321

Attorneys for Jeffrey Reichert

1

**PROPOSED JURY INSTRUCTIONS**

I.       **Objection to Government's Definition of "Willfully"**

      The government has filed proposed jury instructions. Dkt. 29. On page 23, the government has proposed a definition of the term "willfully." Specifically, the defense objects to the government's last sentence of the instruction, which states, "[e]vidence of willfulness is ordinarily circumstantial since direct proof is often unavailable." Dkt. 29, p. 23. The defense objects to the characterization that evidence of willfulness is "ordinarily circumstantial."  While circumstantial evidence may be used to prove a defendant's willfullness, this is already defined on page 7 of the Dkt. 29 – which defines direct and circumstantial evidence. This proposed portion of the instruction, as written, is not a proper statement of the law. Neither the Sixth Circuit or Ninth Circuit pattern jury instructions endorse this portion of the definition of willfulness. The defense objects to this definition and has already submitted a proposed jury instruction for the definition of "willfully." Dkt. 28.

II.      **Objection to Government's "Deliberate Ignorance" Instruction.**

      The defense objects to the government's proposed instruction for "deliberate ignorance." Dkt. 29, p. 25. The defense objects on two grounds. First, the facts of this case do not support such an instruction. The "Use Note" in the Sixth Circuit pattern instructions that "this instruction should be used only when there is some evidence of deliberate ignorance." Sixth Circuit Pattern Jury Instruction 2.09.

      Secondly, the government's proposed instruction, as written, is incorrect. The government's proposed instruction states the jury can find Mr. Reichert knew his actions were illegal if Mr.

Reichert "deliberately ignored a high probability that he was trafficking in technology primarily designed to circumvent technological measures designed to effectively control access to a work copyrighted under federal law." Dkt. 29, p. 25. In fact, the element at issue is whether he did so willfully, meaning knew he was violating the law. Therefore, the government's proposed instruction is incorrect.

**III.     Defendant's Proposed Instruction For the Right to Create Back-Up and to Play Out-of-Region Games.**

Mr. Reichert proposes the following two instructions:

A)     Next I want to explain something about copyright laws. It is not an infringement for the owner of a copy of a computer program to make or authorize the making of another copy or adaptation of that computer program if such new copy or adaptation is for archival purposes only and that all archival copies are destroyed in the event that continued possession of the computer program should cease to be rightful.

Authority: 17 U.S.C. § 117(a)(2).

B)     Next I want to explain something about copyright laws. It is not a copyright infringement for the owner of a video game to play a game that is out-of-region on their own video game console. A video game owner user lawfully install a mod chip to play out-of-region games. Some video game consoles and video games are enabled with "region coding" on them. This region coding is part of the software of the game or game system and defines a certain region of the world where the game is sold. To play a game on a game system, they must have the same region coding.

For example, a game that is coded for the United States can play on a console coded for the United States; and a game coded for Japan will not play on a console coded for the United States. A mod chip, however, will permit a user to play out-of-region games on their console. Doing so is permissible, and does not constitute copyright infringement or illegal conduct.

<u>Authority</u>: 17 U.S.C. §§ 106, 602(a)(3)(B).

Mr. Reichert proposes these two instructions in order to adequately explain the elements of the offense. The second element of this offense, under 17 U.S.C. § 1201, is that the government must prove, "the technology, products, services, devices, components, or parts thereof <u>were primarily designed</u> to circumvent technological measures designed to effectively control access to a work copyrighted . . ." Dkt. 29, p. 20 (emphasis added). Essentially, the government must prove Mr. Reichert's trafficked "modded" video game consoles, and these mod chips were primarily designed to circumvent technological measures and access copyrighted works. The phrase "primarily designed" is a key issue at trial. Mr. Reichert intends on showing at trial that mod chips had numerous permissible and legal functions, and modded video game consoles were not primarily designed for violating copyrights works. The above proposed instructions are necessary to inform the jury that copyright law allows certain and specific actions associated with the installation of mod chips. These include creating back-ups and playing out-of-region games.

Specifically, copyright law allows a person to import and play out-of-region games for personal use. As detailed in 17 U.S.C. § 602(a)(3)(B), it is not infringement to import a single copy of a work for your own private use and not for distribution. This allows private users to import a single copy of an out-of-region game for private use. In essence, copyright permits an individual to

4

import and play out-of-region games.

Mr. Reichert's position is supported by 17 U.S.C. § 1201(c). This section states, "Nothing in this section shall affect rights, remedies, limitations, or defenses to copyright infringement, including fair use, under this title." Essentially, the Digital Millenium Copyright Act ("DMCA"), while criminalizing certain acts, does not infringe upon a person's rights to engage in actions authorized by copyright law. Because there still exists such permissible actions – like creating back-ups and playing out-of-region games – the DMCA does not infringe upon these permissible acts, and fully continues their use. The jury must be aware of these legitimate and non-infringing uses in order to determine whether the mod chips at issue were "primarily designed to circumvent technological measures and access copyrighted works."

Respectfully submitted,

*/s/Darin Thompson*
DARIN THOMPSON (#0067093)
Assistant Federal Public Defender
JEFFREY B. LAZARUS (#0079525)
Attorney at Law
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321

Attorneys for Jeffrey Reichert

## CERTIFICATE OF SERVICE

    I hereby certify that on January 11, 2013, a copy of the foregoing Proposed Voir Dire Questions was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                          */s/Darin Thompson*  
                                          DARIN THOMPSON (#0067093)  
                                          Assistant Federal Public Defender